THOMAS J. SPEISS, III (SBN 200949)
   TSpeiss@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone:  (424) 214-7042
Facsimile:  (424) 214-7010

STEVEN M. HANLE (SBN 168876)
JARED A. VELIZ (SBN 276191)
   SHanle@SYCR.com
   JVeliz@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, 16th Floor
Newport Beach, California 92660
Telephone:  (949) 725-4126
Facsimile:  (949) 823-5126

Attorneys for Plaintiff,
S&E GOURMET CUTS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| S&E GOURMET CUTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OMC LLC., a Wisconsin limited liability company,<br><br>Defendant. | **CASE NO.:** 5:16-cv-2639<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101** *et seq.***;**<br><br>2. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)**; **and,**<br><br>3. **COMMON LAW UNFAIR COMPETITION.**<br><br>JURY TRIAL DEMANDED |

Plaintiff S&E Gourmet Cuts, Inc. doing business as Country Archer ("Plaintiff" or "Country Archer"), by and through its attorneys, hereby alleges as follows:

**PARTIES**

1. Country Archer is, and at all times pertinent to this action has been, a corporation duly organized and existing under the laws of the State of California, and having its principal place of business at 379 E. Industrial Rd., San Bernardino, California 92408.

2. On information and belief, OMC, LLC ("OMC" or "Mighty Organic") is incorporated in the State of Wisconsin and has its principal place of business located at One Organic Way, La Farge, Wisconsin 54639.

**JURISDICTION AND VENUE**

3. This is a civil action arising under the laws of the United States relating to copyrights (17 U.S.C. § 101, *etc*.) and trademarks (15 U.S.C. §§ 1114(1) and 1125(a)). This Court has federal question jurisdiction over Counts I, II and III pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b). This Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367(a).

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. This Court has personal jurisdiction over OMC because it has done business in this judicial district and has committed acts of trademark and copyright infringement, and other acts complained of herein, in this judicial district, including marketing and selling its products: (1) at Whole Foods locations within this judicial district, including at Whole Foods locations in Palm Desert, California and Santa Monica, California; and, (2) through online retailers Amazon, Amazon Fresh, and Organic Prairie, with delivery into this judicial district, including to an address in La Canada, California.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-

**COMPLAINT**

LITIOC/2149770v3/103637-0021

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant has contacts within this judicial district, a substantial part of the facts giving rise to the acts or omissions alleged herein took place within this judicial district and because Defendant is a corporation subject to personal jurisdiction in this judicial district.

## NATURE OF THE ACTION

7. Country Archer seeks injunctive relief, an order requiring recall and destruction of OMC's MIGHTY BEEF JERKY products with infringing packaging, damages including statutory damages, disgorgement of OMC's profits, Country Archer's lost profits, punitive or enhanced damages, and attorneys' fees, for OMC's acts of infringement of a Federally registered copyright under 17 U.S.C. § 101 *et seq.*, trademark infringement under 15 U.S.C. § 1114 *et seq.*, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and common law misappropriation.

## FACTUAL ALLEGATIONS

8. Country Archer is the registrant of United States Copyright No. VA-1-960-764, entitled COUNTRY ARCHER (Original Packaging Design) (the "Subject Design"). The date of first publication for this copyright-protected work is <u>May 8, 2012</u>. An exemplar of the Subject Design is depicted below and a copy of the United States Federal copyright registration is attached hereto as **Ex. A**.



-2-
**COMPLAINT**

LITIOC/2149770v3/103637-0021

9. Country Archer is the author of six (6) original works of authorship, as shown below.



10. Country Archer is the registrant of COUNTRY ARCHER, United States Trademark Reg. No. 4,291,993 for "Beef jerky; Jerky" in Class 029 (the "Original Mark"), and COUNTRY ARCHER JERKY CO EST 1977 (& Design), United States Trademark Reg. No. 4,423,957 for Beef jerky; Jerky" in Class 029 (the "2012 Mark"). Country Archer is the applicant of

-3-

**COMPLAINT**

1  COUNTRY ARCHER (Original Packaging Design), United States Trademark
2  App. No. 87/170,091 (the "Design Mark").  Collectively, the Original Mark,
3  2012 Mark, and the Design Mark are referred to herein as the Country Archer
4  Marks.  The 2012 Mark is depicted below and copies of the United States Federal
5  trademark registration certificates for the Original Mark, 2012 Mark and
6  Design Mark are attached hereto as **Exs. B**, **C**, and **D** respectively.



14      11.    Since at least <u>January 1, 1978</u>, Country Archer has been
15  manufacturing high quality meat snacks for purchase in the United States.  Since at
16  least as early as <u>October 1, 2000</u>, Country Archer's product offerings have
17  included its signature line of beef jerky products depicting the Original Mark.
18      12.    In or about <u>June 2012</u>, Country Archer introduced the above depicted
19  "premium" black product packaging including the 2012 Mark and has since
20  marketed and sold and continues to market and sell its COUNTRY ARCHER
21  products in the "premium" black product packaging.  Accordingly, Country Archer
22  also holds common law rights with respect to its product packaging.
23      13.    Country Archer has invested and continues to invest substantial time,
24  money and effort in promoting and advertising its COUNTRY ARCHER
25  consumable products, examples of which can be found on the Internet by searching
26  "Country Archer" on the Google search engine, as depicted on the next page.
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-4-
**COMPLAINT**
LITIOC/2149770v3/103637-0021



14. Since introducing its 2012 product packaging, the up-and-coming Country Archer brand witnessed a rapid growth in its marketing and sales activity. In 2014, Country Archer's COUNTRY ARCHER meat snacks were marketed and sold in several retailers, including Albertsons, and achieved gross sales in the low seven figures. In 2015, Country Archer's COUNTRY ARCHER meat snacks were picked up by several additional major retailers, including Sprouts Farmers Market, Kroger, Cost Plus World Market, Ralphs Grocery Store, and Safeway, and have achieved gross sales in the mid seven figures. Throughout 2016, Country Archer has continued to expand in the national meat snack marketplace, and has added additional major retailers accounts including Gelson's Markets, Smart and Final, Starbucks, Stater Brothers, Target, and Vons, and expects to achieve gross sales in the low eight figures.

15. As a result of its marketing efforts and formerly unique Country Archer Marks and product packaging, Country Archer enjoys significant goodwill associated with its marks by the relevant consuming public, which has come to associate Country Archer as the source of quality COUNTRY ARCHER

products. For instance, a May 29, 2015 article in Food Navigator, which is a widely circulated and well-read publication, featured Country Archer in an article entitled, "*Country Archer represents modern jerky*." This article states,

> "Part of the jerky category's sales success is due to its re-positioning as a health food. To achieve this, many new players are shaking off jerky's reputation for being filled with artificial ingredients and preservatives. Country Archer does just this with its line of gourmet jerky, which is made with no preservatives, MSG or "junk" . . . . The brand includes many trendy flavors, including a sriracha. . . ."

A copy of this article is attached as **Ex. E**. In addition, an August 2, 2016 article in Meat + Poultry, which also is a food industry trade publication, featured Country Archer is an article entitled, "*Portable protein*." This article states,

> "Country Archer Jerky Co., San Bernardino, California, prides itself on using only grass-fed beef and turkey free from added hormones and antibiotics. The company uses more than 60 percent organic ingredients, no nitrates ─ not even celery juice powder ─ and no chemical preservatives, which is why product labels sport an all-natural claim. . . ."

A copy of this article is attached as **Ex. F** (*see* p. 4 for quoted text). This same article also mentions OMC and features its products.

16. Country Archer's success and popularity has not gone unnoticed by competitors, including OMC, which unmistakably designed its product packaging to closely resemble the Country Archer Marks and product packaging.

17. Upon information and belief, on or about July 7, 2016, OMC introduced its MIGHTY BEEF JERKY branding and product packaging to the beef jerky marketplace. This date is almost four years after Country Archer introduced its current COUNTRY ARCHER BEEF JERKY product packaging. This product packaging, which was introduced without Country Archer's authorization or consent: (1) copied many of Country Archer's packaging design elements; and, (2) introduced a new brand, MIGHTY BEEF JERKY ─ in a similar font and two-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-
**COMPLAINT**
LITIOC/2149770v3/103637-0021

tone white-and-black color pallet as Country Archer's COUNTRY ARCHER BEEF JERKY mark ─ to the relevant consumer marketplace.

18. The COUNTRY ARCHER BEEF JERKY and MIGHTY BEEF JERKY product packaging, when viewed side-by-side, appear similar. A side-by-side comparison of the product packaging is below.

| COUNTRY ARCHER | MIGHTY BEEF JERKY |
|---|---|
|  |  |
| COUNTRY ARCHER | MIGHTY BEEF JERKY |
|  |  |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-
COMPLAINT
LITIOC/2149770v3/103637-0021

19. There exist several design elements in the MIGHTY BEEF JERKY product packaging that we believe, when taken in their totality, are violative of Country Archer's copyright and trade dress rights in and to its COUNTRY ARCHER BEEF JERKY product packaging, including, but not limited to: (1) the packaging for both product lines is predominantly all black, with white lettering; (2) the placement of the trademarks on the product packaging is almost identical – that is, the COUNTRY ARCHER and MIGHTY portion of the trademarks both appear in the center of the product packaging, about a 25 percent distance from the top of packaging; (3) the placement of the term BEEF JERKY appears slightly below the center of the product packaging, accompanied by the type of beef jerky ─ here, as an example, TERIYAKI ─ in non-white font just below the term BEEF JERKY; and, (4) the packaging for both products contains a clear box at the bottom of the packaging, accompanied by the term "Grass Fed Beef" as a part of the clear box graphic element. When these elements are viewed in their totality, the packaging appears similar.

20. OMC's nearly identical white-on-black trademark color scheme, taken together with the overall product packaging design, has the effect of making it appear that COUNTRY ARCHER BEEF JERKY and MIGHTY BEEF JERKY are somehow related, such that it is difficult for the consumer to tell the difference between Country Archer's COUNTRY ARCHER BEEF JERKY meat snack products and OMC's MIGHTY BEEF JERKY products.

21. OMC markets and sells its MIGHTY BEEF JERKY meat snack products to the same consumers and in the same natural and organic food distribution channels that Country Archer markets and sells its COUNTRY ARCHER BEEF JERKY meat snack products ─ including but not limited to Sprouts Farmers Market.

22. On <u>November 22, 2016</u>, after first conducting an investigation and a supplemental investigation, Country Archer corresponded with OMC concerning

-8-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**COMPLAINT**

LITIOC/2149770v3/103637-0021

this matter. In its correspondence, Country Archer provided specific, concrete indications to OMC that a suit by it was imminent, stating that, "<u>Unless a settlement is reached by December 13, 2016, Country Archer will file suit against Mighty Organic in the Central District of California for copyright infringement and other claims</u>." (Emphasis added.) The full passage containing this statement is as follows,

> "Country Archer respectfully requests that Mighty Organic,
> [1] Modify its new MIGHTY BEEF JERKY white-and-black logo to a different color scheme, so as to maintain its prior brand identity and to continue to establish its own independent social media presence; and, [2] Modify its product packaging to change or eliminate design elements so that the relevant consumer demographic will not mistakenly believe that COUNTRY ARCHER BEEF JERKY and MIGHTY BEEF JERKY are related brands.
>
> "As part of its request, Country Archer will offer Mighty Organic a reasonable period of time to modify its present trademarks and sell through its present inventory of products that are marketed and sold in the confusingly similar packaging. Please contact me on or before Tuesday, <u>December 13, 2016</u> to advise me as to Mighty Organic's intentions. **<u>Unless a settlement is reached by December 13, 2016, Country Archer will file suit against Mighty Organic in the Central District of California for copyright infringement and other claims</u>**."

(Emphasis added.) A true and correct copy of this correspondence is attached as **Ex. G** (see p. 6 for quoted text). As such, Country Archer provided specific, concrete indications to OMC that a suit by it was imminent on <u>December 13, 2016</u> unless the matter was settled.

23. On <u>November 22, 2016</u>, a representative for the Defendant stated in correspondence, ". . . Mr. Hussin is out of the office until November 30, 2016. He will attend to your correspondence upon his return." *See* **Ex. H**.

-9-
**COMPLAINT**

LITIOC/2149770v3/103637-0021

Stradling Yocca
Carlson & Rauth
Lawyers
Santa Monica

24. On <u>December 13, 2016</u>, Christopher Hussin, counsel for OMC, corresponded with counsel for Country Archer. In this correspondence, Mr. Hussin stated as follows,

> "Thank you for your voice mail and correspondence below. . . . As you know, I was away from the office for a number of days when you sent the initial demand letter. <u>Due to my absence, and a client contact illness, we are not in a position to respond to your initial demand letter by today</u>. We do, however, expect to respond in the next day or so. . . . We trust this will be acceptable to your client."

(Emphasis added.) A true and correct copy of this correspondence is attached as **Ex. I**.

25. On <u>December 13, 2016</u>, counsel for Country Archer agreed to the requested extension, out of professional courtesy. In this correspondence, counsel for Country Archer stated, "Chris - how about we agree on Friday. Will that work for you?" *See id*. In response, Christopher Hussin stated, "<u>Thank you for the extension</u>. I am waiting for confirmation from the client, but I believe you should have the response by Friday [December 16] at the latest. . . . <u>I will keep you informed</u>." (Emphasis added.) *See id*.

26. On <u>December 16, 2016</u>, OMC filed a Federal Court lawsuit against Country Archer, *OMC, LLC v. S&E Gourmet Cuts, Inc.*, Case No. 16-cv-833 (W.D. Wisc. 2016) (the "Wisconsin Action").

27. Subsequently, after *first* seeking and obtaining a brief 2-day extension of time based upon "<u>my absence, and a client contact illness</u>," and then *after* filing the Wisconsin Action, OMC then substantively responded to Country Archer's <u>November 22, 2016</u> correspondence. In this correspondence, Christopher Hussin made no mention of the Wisconsin Action that OMC had filed earlier that day. Instead, Mr. Hussin stated,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-
**COMPLAINT**
LITIOC/2149770v3/103637-0021

". . . Country Archer's claims of infringement and unfair competition lack merit. There is no legal basis to demand that OMC, LLC change its packaging. <u>OMC is fully prepared to defend itself from these unwarranted allegations</u>. This letter is written without prejudice to OMC's legal rights and remedies, all of which are specifically reserved."

A true and correct copy of this correspondence is attached as **Ex. J**.

28. OMC's continued infringement of Country Archer's trademarks and copyrights to market and sell meat snack products is likely to cause and will continue to cause confusion with and dilute the significant value of Country Archer's trademarks and copyrights. Specifically, OMC has caused and is likely to cause confusion, mistake or deception: (a) as to the characteristics, qualities or origin of Country Archer's COUNTRY ARCHER meat snack products; (b) as to an affiliation, connection or association between Country Archer and OMC; and, (c) as to the sponsorship or approval of OMC's MIGHTY BEEF JERKY meat snack products by Country Archer.

## FIRST CLAIM FOR RELIEF

*(Federal Copyright Infringement,*

*17 U.S.C. §§ 101, et seq.)*

29. Country Archer hereby re-alleges and incorporates by reference each of the allegations from Paragraph Nos. 1 through 28 hereof as if fully stated herein.

30. Country Archer applied for and received United States Copyright Registration VA 1-750-609 for the Subject Design. Country Archer is the owner of all exclusive rights, including the registered and common law copyright, to the COUNTRY ARCHER original packaging design.

31. Country Archer is informed and believes and thereon alleges that OMC had access to the Subject Design, including, without limitation, through (a) access to Country Archer's products and designs at retail outlets and through

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

**COMPLAINT**

LITIOC/2149770v3/103637-0021

1  the Internet; and, (b) independent knowledge of the COUNTRY ARCHER product
2  packaging.

3      32. Country Archer is informed and believes, and thereon alleges, that
4  OMC infringed Country Archer's copyrighted COUNTRY ARCHER product
5  packaging creating imitations, and substantially similar and/or derivative works,
6  and by manufacturing, distributing, marketing and selling its MIGHTY BEEF
7  JERKY meat snack products in packaging which infringes upon the Subject
8  Design to retailers and customers throughout the United States through retail stores
9  and through Internet sales, including marketing and selling its products: (1) at
10 Whole Foods locations within this judicial district, including in Palm Desert and
11 Santa Monica; and, (2) through online retailers Amazon, Amazon Fresh, and
12 Organic Prairie, with delivery into this judicial district, including to an address in
13 La Canada, California.

14     33. Due to OMC's acts of infringement, Country Archer has suffered
15 substantial general and special damages to its business in an amount to be
16 established at trial.

17     34. Due to OMC's acts of copyright infringement as alleged herein, OMC
18 has obtained direct and indirect profits it would not otherwise have realized but for
19 its infringement of the COUNTRY ARCHER product packaging. As such,
20 Country Archer is entitled to disgorgement of OMC's profits attributable to the
21 infringement of the COUNTRY ARCHER product packaging in an amount to be
22 established at trial.

23     35. Country Archer is informed and believes, and thereon alleges, that
24 OMC has committed copyright infringement with actual or constructive knowledge
25 of Plaintiff's rights such that said acts of copyright infringement were, and
26 continue to be, willful, intentional and malicious, which further subjects OMC to
27 liability for statutory damages under Section 504(c)(2) of the Copyright Act in the
28 sum of up to one hundred fifty thousand dollars ($150,000.00) for each original

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-12-

**COMPLAINT**

LITIOC/2149770v3/103637-0021

work infringed. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

*(False Designation of Origin and Unfair Competition,*

*15 U.S.C. § 1125(a), (Lanham Act §43(a))*

36. Country Archer hereby re-alleges and incorporates by reference each of the allegations from Paragraph Nos. 1 through 35 hereof as if fully stated herein.

37. Based on the facts alleged above, Country Archer alleges that OMC is infringing the Country Archer Marks and product packaging without Country Archer's consent or authorization.

38. OMC's infringement was commenced with knowledge of the Country Archer Marks and product packaging, and with the intent to create confusion or mistake, or to deceive as to the source of OMC's meat snack products and/or an affiliation with Country Archer.

39. As a result of OMC's infringement, there is a strong likelihood of confusion, mistake, or deception as to the source of OMC's products and/or an affiliation between those products and Country Archer.

40. The foregoing actions of OMC constitute trademark infringement, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

41. OMC's actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and, unless enjoined, will continue to have the result of misleading, deceiving and confusing the public to believe that OMC and its meat snack products are affiliated with, sponsored or controlled by Country Archer.

42. Country Archer has no adequate remedy at law for the injuries alleged in this count. The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages. Further, the injuries are of a continuing nature and will continue to be suffered so long as OMC continues

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-

**COMPLAINT**

LITIOC/2149770v3/103637-0021

its wrongful conduct. Thus, Country Archer is entitled to injunctive relief under 15 U.S.C. §1116(a).

43. Notwithstanding the difficulty of fully measuring the damage to Country Archer caused by OMC's wrongful conduct, that conduct has resulted in irreparable, direct and proximate damages to Country Archer. Country Archer is informed and believes, and on that ground alleges, that OMC has made and/or will make unlawful gains and profits from its unlawful actions as alleged herein, and by reason thereof, Country Archer has been deprived of gains and profits which otherwise would have inured to Country Archer but for such unlawful actions.

## THIRD CLAIM FOR RELIEF

*(Common Law Unfair Competition)*

44. Country Archer repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 43 hereof as if fully stated herein.

45. OMC's conduct alleged herein, including the use of its product packaging, is likely to cause and has caused confusion, mistake, and deception as to the source of meat snack products, and leads distributors and consumers to believe that Defendant's MIGHTY BEEF JERKY meat snack products are the same as or associated with Country Archer's meat snack products, when, in fact, there is no such association. As such, persons possessing ordinary powers of perception are likely to be confused and misled by Defendant's use of its confusingly similar product packaging.

46. OMC's actions described herein constitute common law unfair competition.

47. OMC's unfair competition has caused and will continue to cause irreparable injury to Country Archer by depriving Country Archer of sales of its COUNTRY ARCHER meat snack products, injuring its business reputation, reducing its market share, and by confusing distributors and consumers into believing, mistakenly, that COUNTRY ARCHER BEEF JERKY and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-14-

**COMPLAINT**

LITIOC/2149770v3/103637-0021

1 MIGHTY BEEF JERKY are associated. OMC's unfair competition has also
2 caused OMC to be unjustly enriched as a result of its misleading use of the
3 confusingly similar product packaging.
4     48.    Country Archer is entitled to an injunction prohibiting Defendant's
5 acts of unfair competition as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. That OMC, its agents and employees be enjoined from infringing Plaintiff's copyright in any manner, specifically those for the Subject Design;

B. That Plaintiff be awarded all profits of OMC plus all losses of Plaintiff, plus any other monetary advantage gained by OMC through its infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

C. That a trust be imposed over the revenues derived by OMC through the sales or distribution of the products at issue;

D. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

E. A determination that OMC's conduct infringes the Country Archer Marks, falsely designates the origin of OMC's MIGHTY BEEF JERKY meat snack products, falsely describes such products, and unfairly competes with Country Archer, all in violation of Lanham Act §§43(a) and 32, 15 U.S.C. §1125, and 15 U.S.C. §1114 *et seq.*;

F. A judicial determination that Defendant's conduct constitutes common law unfair competition;

G. That OMC account to Plaintiff for its profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-15-

COMPLAINT

LITIOC/2149770v3/103637-0021

H.   That the Court issue an Order directing OMC to file with the Court and serve on Country Archer, within thirty (30) days after the service on OMC of any injunctions, a report in writing and under oath, setting forth in detail the manner and form in which OMC has complied with the injunction;

I.   That the Court award judgment in favor of Country Archer for the amount of either damages sustained by Country Archer or the profits made by OMC as a result of OMC's wrongful conduct, whichever amount is greater, and damages in an amount necessary for Country Archer to conduct corrective advertising to eliminate the confusion caused by OMC's wrongful acts, the exact sum to be proven at trial;

J.   That the Court award judgment in favor of Country Archer in the amount of treble damages under 15 U.S.C. §1117, plus prejudgment interest;

K.   That the Court award judgment against OMC for the full costs of this action, including reasonable attorneys' fees;

L.   That the Court award to Country Archer punitive damages sufficient to deter OMC from committing such willful acts of infringement in the future;

M.   That the Court award interest on all amounts found to be due to Country Archer from OMC, at the prevailing rate, from the date said amounts or any part thereof became or become due;

N.   That the Court require OMC to notify its parent, subsidiaries, affiliated companies, commercial associates, dealers, dealer advertising associations, advertising agencies, suppliers and customers of said Order;

O.   That the Court order such other, further and different relief as the nature of this action may require and that the Court deems just and proper; and,

P.   That the Court retain jurisdiction of this action for the purpose of enabling Country Archer to apply to the Court, for such further orders as may be necessary or appropriate for the interpretation or execution of any order entered in

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-16-

**COMPLAINT**

LITIOC/2149770v3/103637-0021

1  this action, for the modification of any such order, for the enforcement or
2  compliance therewith, and for the punishment of any violations thereof.
3
4  DATED: December 27, 2016                STRADLING YOCCA CARLSON
                                            & RAUTH, P.C.
5
6                                           By: _____
7                                               Thomas J. Speiss, III
                                                Steven M. Hanle
8                                               Jared A. Veliz
                                                Attorneys for Plaintiff
9                                               S&E Gourmet Cuts, Inc.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-17-

**COMPLAINT**

LITIOC/2149770v3/103637-0021

## JURY DEMAND

Plaintiff S&E Gourmet Cuts, Inc. hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each cause of action asserted in its First Amended Complaint that is triable by jury.

DATED: December 27, 2016

STRADLING YOCCA CARLSON & RAUTH, P.C.

By: /s/ Thomas J. Speiss
Thomas J. Speiss, III
Steven M. Hanle
Jared A. Veliz
Attorneys for Plaintiff
S&E Gourmet Cuts, Inc.